UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LESA WERME,

      Plaintiff,

v.                                             Case No. 1:16-CV-479

THE HUNTINGTON NATIONAL         HON. GORDON J. QUIST
BANK,

      Defendant.
_____/

## **OPINION**

Plaintiff, Lesa Werme, sued Defendant, The Huntington National Bank, alleging a single claim for declaratory relief arising out of Defendant's foreclosure of a mortgage on Plaintiff's real property. In particular, Plaintiff alleges that the foreclosure sale on November 5, 2013 is void *ab initio* because Plaintiff's title was defective and the purported mortgage interest that Plaintiff conveyed to Defendant did not attach to the property. Plaintiff alleges that the foreclosure was invalid because the mortgage was not effective and properly perfected as required for a foreclosure by advertisement pursuant to M.C.L. § 600.3201.

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's complaint fails to state a claim as a matter of law.

For the following reasons, the Court will grant Defendant's motion and dismiss Plaintiff's complaint with prejudice.

I. BACKGROUND

The following facts are based on the allegations in the complaint, matters of public record, and exhibits attached to Defendant's motions that are referred to in the complaint.[1]

On August 27, 2004, Plaintiff obtained a personal credit line from Defendant in the amount of $46,000 (ECF No. 5-2) and granted Defendant a mortgage (the Mortgage) on real property (Property) located at 671 Spear Street, Saugatuck, Michigan 49453, as security for the repayment obligation. (ECF No. 5-3.) The Mortgage was recorded on September 10, 2004, in the Allegan County Register of Deeds. The Mortgage was modified on November 8, 2004 to increase the amount of the line of credit to $94,200. (ECF No. 5-4 at PageID.75.) The Mortgage modification was recorded in the Allegan County Register of Deeds on November 23, 2004. (*Id.*)

Plaintiff eventually failed to make payments and defaulted on the Mortgage in 2014, and Defendant initiated foreclosure proceedings. (ECF No. 1 at PageID.3, ¶ 9.) On November 5, 2015, a sheriff's sale was held, at which Defendant was the highest bidder. The sheriff's deed was recorded in the Allegan County Register of Deeds on November 10, 2015. (ECF No. 5-5.) The statutory redemption period expired on May 6, 2016, and no party exercised the right of redemption. Plaintiff filed her complaint the same day, seeking to contest the foreclosure sale.

II. MOTION STANDARD

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are

---

[1] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts may consider various documents without converting the motion to a motion for summary judgment. "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Pursuant to Michigan's foreclosure by advertisement statute,

> a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
> (c) The mortgage containing the power of sale has been properly recorded.

>     (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

M.C.L.A. § 600.3204(1).[2]

The rights of a mortgagor and mortgagee after foreclosure are also controlled by statute. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 52, 503 N.W.2d 639, 642 (1993). The foreclosure statute provides that once the redemption period has expired, all of the mortgagor's rights in the property are extinguished by operation of law. M.C.L. § 600.3236; *see Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187–88, 4 N.W.2d 514, 517 (1942). The six-month statutory redemption period under M.C.L. § 600.3240 may not be extended absent a clear showing of fraud or irregularity. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (per curiam) (citing *Schulthies v. Barron*, 16 Mich. App. 246, 247–48, 167 N.W.2d 784, 785 (1969) (per curiam)). The fraud or irregularity must be present in the foreclosure process itself. *Williams v. Pledged Prop. II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012). Thus, "a strong case of fraud or irregularity, or some peculiar exigency" is required to upset the foreclosure process once the redemption period has expired. *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Aqozzino*, 280 Mich. 402, 405–06, 273 N.W. 747, 748 (1937) and *Calaveras Timber Co. v. Mich. Trust Co.*, 278 Mich. 445, 450, 270 N.W. 743, 745 (1936)); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) (observing that "in the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict . . . requirements" of the foreclosure statute). In addition, a defect in the foreclosure process does not void the foreclosure, but instead renders it merely voidable. *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329, 337 (2012). Under this standard, a plaintiff seeking to

---

[2] Neither party disputes that Plaintiff's claim is governed by Michigan law.

set aside a foreclosure sale must show prejudice resulting from noncompliance with the foreclosure requirements. *Id.* Specifically, a plaintiff "must show that [he] would have been in a better position to preserve [his] interest in the property absent defendant's noncompliance with the statute." *Id.* at 115–16, 825 N.W.2d at 337; *see also Jarbo v. Bank of New York Mellon*, 587 F. App'x 287, 289 (6th cir. 2014) (noting the judicially-created exception to the redemption rule "allow[ing] courts to extend the statutory redemption period where a party clearly shows fraud or irregularities in the foreclosure process that actually prejudiced the mortgagor in preserving his or her interest in the property").

Before turning to Plaintiff's claim, the Court briefly addresses Plaintiff's standing to bring her declaratory judgment claim contesting the validity of the foreclosure—an issue Defendant raises in its opening brief. Defendant argues that Plaintiff lacks standing to bring her claim because the redemption period has expired. To the extent Defendant's argument is premised on Article III standing—a principle at the heart of this Court's jurisdiction—Defendant's argument lacks merit. *See Facione v. CHL Mortg. Trust 2006-J1*, 628 F. App'x 919, 920 (6th Cir. 2015). Similarly, Defendant's standing argument fails to the extent it is based on standing under Michigan law. *See Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 497 (6th Cir. 2014) (concluding that the plaintiff had standing under Michigan law to challenge the validity of the foreclosure after the redemption period expired because Michigan courts have recognized that a mortgagor may bring a cause of action to challenge a foreclosure under certain circumstances). At bottom, Defendant's standing argument is essentially that Plaintiff may challenge the foreclosure process only on limited grounds. *See id.* at 496. Thus, Plaintiff has standing to maintain her claim.

As noted above, Plaintiff claims that the foreclosure is invalid because the Mortgage, as well as the later modification, was defective and failed to create a valid security interest that attached to

the Property because Plaintiff's title was defective. (ECF No. 1 at PageID.3, ¶ 10.) In particular, Plaintiff notes that Albert Till, a/k/a Albert A. Till, Jr.—the grantor to Plaintiff's grantors—did not own the Property because the deed or deeds by which Mr. Till obtained title to the Property and by which Till purportedly conveyed title to Plaintiff's predecessor grantors excepted "any part lying in Judson's Addition to the City of Saugatuck." (*Id.* & ECF No. 1-3.)

Although Plaintiff has alleged a defect in the Mortgage, Plaintiff has not alleged fraud or irregularity in the foreclosure proceeding itself, as required by law. *See Connolly v. Deutsche Bank Nat'l Trust Co.*, 581 F. App'x 500, 504 (6th Cir. 2014). Moreover, Plaintiff fails to allege prejudice arising from the alleged irregularity or defect, as required by *Kim*, *supra*. In *Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253 (E.D. Mich. Apr. 11, 2014), *aff'd* 597 F. App'x 379 (6th Cir. 2015), the plaintiff alleged that the foreclosure was invalid because the plaintiff's husband had forged her signature on the mortgage documents and, thus, the defendant never had an enforceable mortgage. *Id.* at *3. Citing the rule that when the redemption period has run, the mortgagor may attack the foreclosure only by showing fraud or irregularity in the foreclosure proceeding itself, the court observed, "[a]lleging impropriety at the origination of the mortgage over a decade ago, is not the same thing as alleging misconduct relating to the foreclosure proceeding itself." *Id.* The court analogized the facts before it to the facts in *Conlin v. Mortgage Electronic Registration Systems, Inc.*, 714 F.3d 355 (6th Cir. 2013), in which the Sixth Circuit rejected the mortgagor's attempt to invalidate a foreclosure after the redemption period had run by alleging that an assignment of the mortgage was fraudulent. The *Conlin* court held that the plaintiff failed to show a basis for invalidating the foreclosure because he did not allege that the purported defect prejudiced him. *Id.* at 362. The *Bazinski* court observed that while the facts before it differed slightly from the facts in *Conlin*, the cases were similar because, like the plaintiff in *Conlin*, the

plaintiff in *Bazinski* failed to allege prejudice, such as potential exposure to double liability. *Bazinski*, 2014 WL 1405253, at *4. In addition, the court stated:

> [N]o aspect of Plaintiff's forgery claim goes to the foreclosure proceeding itself; that is, Plaintiff does not claim that her signature was forged on any foreclosure documents, instead she claims that the foreclosure was invalid because it was based on Defendant's interest in the property, which in turn was faulty because it was based on the forged mortgage. At best such an argument is an indirect attack on the foreclosure proceeding.

*Id.*

As in *Bazinski*, Plaintiff's claim in the instant case fails because Plaintiff does not allege fraud or irregularity in the foreclosure proceeding itself and Plaintiff fails to allege prejudice. Accordingly, Plaintiff fails to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss and dismiss Plaintiff's complaint with prejudice.

An Order consistent with this Opinion will be entered.


Dated: September 2, 2016                   /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE